

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brook
County Attorney
Lubbook County
Lubbook, Texas

Dear Sir:

Opinion No. O-4394
Re: Can a part of the county
permanent improvement funds
be legally invested in U. S.
Government Defense Bonds?

Your letter requesting the opinion of this department on the above stated question reads as follows:

"The County Commissioners Court has asked me to obtain a ruling from your office relative to the following resolution:

"'STATE OF TEXAS
COUNTY OF LUBBOCK

"NOW ON THIS, the 26th day of January, A.D. 1942, it being called to the attention of the County Commissioners' Court that they had in the permanent improvement fund a sum of money in excess of Fifty Thousand ($50,000.00) Dollars, and it being the opinion of said Commissioners Court that the excess above $50,000.00 would be enough to take care of any repairs on the present improvement of the county, and the County Commissioners Court being further aware of the impending necessity to assist the government in every conceivable way to prosecute the present war against aggressive nations, it is the opinion of the Court that $50,000.00 of the fund should be invested in government bonds.

"IT IS THEREFORE RESOLVED that said Fifty Thousand ($50,000.00) Dollars be invested in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ralph Brook, Page 2

Government Bonds upon approval of the Attorney General of the State of Texas.

<u>C. V. Pardue</u>
County Judge, Lubbock County, Texas

<u>C.K. Horton</u>
County Commissioner, Precinct No. 1

<u>Ben Mansker</u>
County Commissioner, Precinct No. 2

<u>Edgar E. Gray</u>
County Commissioner, Precinct No. 3

<u>Newton Stokes</u>
County Commissioner, Precinct No. 4'

"In connection with this matter, I will state that there will remain available in the permanent improvement funds of Lubbock County, Texas, a sum of approximately $15,000.00, which amount will be sufficient to take care of all necessary repairs and improvements upon county property.

"In looking into the law relative to this matter, I have found Article 836 of the Revised Civil Statutes of Texas, which provides as follows:

"'The legally authorized governing body of any county, city or town, or the trustees of any school district or school community, may invest their respective sinking funds for the redemption and payment of the outstanding bonds of such county, city or town, or community, in bonds of the United States, war savings certificates, and certificates of indebtedness issued by the Secretary of the Treasury of the United States, and

in bonds of Texas, or any county of this State, or of any incorporated city or town. No such bonds shall be purchased which, according to their terms, mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created.'

"Under this article the county would be authorized to invest any sinking funds that it might have for the redemption and payment of outstanding bonds of the county. I have been unable to find any case or article providing for such investment of the permanent improvement fund, however, it would seem to me that if the county could invest the sinking funds in United States Government Bonds, that the county should also have the authority to invest the permanent improvement fund in Government Bonds since the permanent fund represents a surplus and is not needed or required to retire any outstanding indebtedness and it would seem to me that such an investment would rest with the discretion of the Commissioners Court and if they, in their opinion, thought that $50,000.00 could be diverted into Government Bonds and the county property still adequately cared for, that such action would be legal.

"The County Commissioners Court would like your opinion on this question: 'Can a part of the permanent improvement funds be legally invested in U. S. Government Defense Bonds?'"

The Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. (Section 9, Article VIII, State Constitution). The monies arising from taxes levied and collected for each of the enumerated purposes are constitutional funds; and the Commissioners' Court has no power to transfer money from one fund to another, or to expend, for one purpose, tax money raised ostensibly for another purpose. The immediate purpose of the provision is to limit the amount of taxes that may be raised for these several purposes, respectively; but it is also designed to

Honorable Ralph Brook, Page 4

inhibit excessive expenditures for any such purpose, and to require that any and all moneys raised by taxation for any purpose shall be applied to that particular purpose and to no other. No implied power to transfer money from one to another of such constitutional funds, or expend such funds for another purpose, is derived from the fact that the original fund contains more than enough to meet the current demands against it. Such excess may be retained in that fund, and applied to succeeding years to the very purpose for which it was raised, thereby possibly reducing the future tax rate for that purpose. Carroll v. Williams, 202 S. W. 504; Commissioners' Court of Henderson Co. v. Burke, 262 S. W. 94; Texas Jurisprudence, Vol. 11, p. 609.

It is stated in our Opinion No. 0-4297, "The authority to invest public funds in their custody has been expressly conferred upon certain public officers by the Legislature in some instances and by the Constitution in others. In each instance where this power is given, the character of the securities in which such moneys may be invested has been carefully prescribed. In every case where the Legislature has authorized investment of public funds, it has named bonds of the United States Government among the securities in which such funds may be invested, recognizing the obligations of the United States as the safest of securities. If the power to invest your surplus funds existed, we could conceive of no safer investment." We enclose a copy of said opinion for your convenience.

We find no provision of law authorizing the Commissioners' Court to invest any portion of the permanent improvement fund of the county in any securities whatsoever. However, on the other hand it is apparent from the above mentioned cases that any and all money raised by taxation for any purpose must be applied to that particular purpose and to no other, and that the Commissioners' Court has no legal right or authority to invest any portion of the constitutional funds (which includes the permanent improvement funds) in U. S. Government Defense Bonds or any other securities except sinking funds as authorized by Article 836, supra. Therefore, we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
       Ardell Williams
       Assistant

APPROVED NOV 11, 1942

AW:LM
ENCLOSURE